**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CAROLINA JUAREZ HERNANDEZ,

PLAINTIFF,

V.

UNION SETTLMENT ASSOCIATION,
INC.

DEFENDANT.

25 Civ. 7372 (KPF)

**ORDER UNDER FEDERAL RULE OF**
**EVIDENCE 502(D)**

To protect attorney-client privilege and work-product protection against waiver during discovery, the Court orders as follows under Federal Rule of Evidence 502(d):

**1.      No Waiver by Disclosure.**

The production or disclosure of any document or electronically stored information (ESI) in this proceeding does not waive the attorney-client privilege, work-product protection, or any other applicable privilege or protection. As provided by Rule 502(d), this protection applies in this litigation and in any other federal or state proceeding.

**2.      Rule 502(b) Inapplicable.**

This Order provides the maximum protection allowed by Rule 502(d). The provisions of Federal Rule of Evidence 502(b) do not apply. To claw back information, the producing party is not required to prove that the disclosure was inadvertent, that it took reasonable steps to prevent disclosure, or that it acted promptly to rectify the error.

**3.      Clawback Procedure.**

If a party discovers it has produced privileged or protected information, it must promptly notify the receiving party in writing and identify the information to be returned.

**4.      Receiving Party's Obligations.**

Upon receiving notice, the receiving party must immediately return, sequester, or destroy the specified information and any copies it has. The receiving party must not use or disclose the information for any purpose until the privilege claim is resolved. If the receiving party disclosed the information to a third party before receiving notice, it must take reasonable steps to retrieve it.

**5.      Right to Challenge.**

The receiving party may promptly present the information to the Court under seal for a determination of the privilege claim. However, the receiving party may not argue that the privilege was waived solely because the document was produced in this litigation.

**SO ORDERED.**

This agreement does not bind the Court or any of its personnel.
The Court can modify this stipulation at any time.  The Court
will retain jurisdiction over the terms and conditions of this
agreement only for the pendency of this litigation.

Dated:     March 30, 2026          SO ORDERED.
           New York, New York


                                   HON. KATHERINE POLK FAILLA
                                   UNITED STATES DISTRICT JUDGE