**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CAROLINA JUAREZ HERNANDEZ,

PLAINTIFF,

V.

UNION SETTLMENT ASSOCIATION,
INC.

DEFENDANT.

25 Civ. 7372 (KPF)

**STIPULATED**
**PROTECTIVE ORDER**

To expedite the flow of discovery, facilitate the prompt resolution of disputes over confidentiality, and protect material entitled to be kept confidential under Federal Rule of Civil Procedure 26(c), the parties stipulate, and the Court orders, as follows:

## 1.    Scope and Definition of Confidential Information

This Order applies to all documents, testimony, and electronically stored information (ESI) produced in this litigation. A producing party may designate material as confidential only if the party believes in good faith that the material contains:

- Trade secrets or highly sensitive, proprietary commercial information;
- Non-public financial information; or
- Sensitive personal information, such as medical records, financial accounts, or Social Security numbers of parties or non-parties.

Routine business or personal communications, general internal policies, and information already in the public domain do not qualify for confidential designation.

## 2.    Designating Material

### 2.1.    Documents

A party must designate documents by affixing the legend "CONFIDENTIAL" to each page that contains protected material.

### 2.2.    Testimony

A party may designate deposition testimony as confidential by stating the designation on the record during the deposition, or by notifying all counsel in writing within 14 days after receiving the final transcript. During that 14-day period, the entire transcript will be treated as confidential.

### 2.3.    Blanket Designations Prohibited

Mass, routine, or indiscriminate designations are prohibited. A party must review its production and designate only those specific documents that genuinely qualify for protection.

### 2.4.        Designations Before Trial

If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

## 3.     Authorized Disclosure

Information designated as "CONFIDENTIAL" must not be used for any purpose outside this litigation. The receiving party may disclose confidential information only to:

- The Court and its personnel;
- The parties, including their officers or directors actively assisting in the case;
- Counsel of record, their partners, associates, and support staff;
- Court reporters, videographers, and litigation support vendors;
- Mediators or settlement officers;
- The author or original recipient of the document;
- A deponent or witness during preparation or testimony, provided the witness is advised of this Order; and
- Experts and consultants retained for this litigation, provided they first are advised of this Order.

Aside from the above exceptions, materials marked confidential information also may not be uploaded, entered, transmitted to, or processed by any public or third-party artificial intelligence system (including generative AI tools) unless expressly authorized.

## 4.     Challenging a Designation

A receiving party may challenge a confidentiality designation at any time. A failure to challenge a designation promptly does not waive the right to challenge it later.

### 4.1.        Meet and Confer

To challenge a designation, the receiving party must notify the designating party in writing. The parties must confer in good faith within 7 days.

### 4.2.        Judicial Intervention

If the parties cannot resolve the dispute, the designating party must file a motion for a protective order within 14 days of the conference. The designating party bears the burden of proving that the material qualifies for protection under Rule 26(c). If the designating party fails to file the motion by the deadline, the confidential designation is automatically lifted.

## 5.     Filing Under Seal

This Order does not authorize the automatic sealing of court filings. If a party wishes to file a document designated as "CONFIDENTIAL" by another party, the filing party must comply with the Court's Individual Rules regarding filing under seal.

In all cases, the proponent of confidentiality and sealing shall bear the burden of proving entitlement to sealing. Accordingly, where a party is seeking to file under seal any document labeled "CONFIDENTIAL" by another party, they may file materials under preliminary seal, with a cover letter informing the Court that the party-proponent of sealing will file a letter-brief within three days, specifying the material to be redacted or sealed, and explaining the legal basis for seeking redacted or sealed treatment. Within three days, the party-proponent of sealing or redaction shall file a letter either setting forth the reasons for sealing or redaction, or informing the Court that they will not seek any sealing or redaction.

## 6.    Conclusion of Litigation

Within 60 days of the final disposition of this action including all appeals all recipients of Confidential Discovery Material must either return it including all copies thereof to the Producing Party, or, upon permission of the Producing Party, destroy such material including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

### 6.1.    Attorney Archival Exception

Despite this requirement, counsel of record may retain one archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, exhibits, expert reports, and attorney work product, even if such materials contain confidential information. This Order remains binding on all retained materials.

This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO ORDERED.**

This agreement does not bind the Court or any of its personnel. The Court can modify this stipulation at any time.  The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation.

Dated:    March 30, 2026          SO ORDERED.
          New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE