EPSTEIN
BECKER
GREEN

Attorneys at Law

Jessica Giambrone Palmese
t 212.351.4959
f 212.878.8600
JPalmese@ebglaw.com

**MEMO ENDORSED**

August 11, 2026

**VIA ECF**

The Honorable Katherine Polk Failla
40 Foley Square, Courtroom 618
New York, New York 10007

**Re: Union Settlement Association, Inc.'s Response to Plaintiff's Letter Motion to Compel**
*Hernandez v. Union Settlement Association, Inc., et al*, Case No. 25 Civ. 07372 (KPF)

Your Honor:

Pursuant to Fed. R. Civ. P. 37 and Individual Rule 2.C.ii, Defendant Union Settlement Association, Inc. ("Union Settlement") respectfully submits this opposition to Plaintiff's Letter Motion to Compel dated August 6, 2026 ("Letter Motion") (ECF No. 49) and respectfully requests an informal conference in connection with the same.

## I. Preliminary Statement

Since 1895, Union Settlement, a 501(c)(3) nonprofit community organization, has provided East Harlem residents with vital education, wellness and community-building programs and services. In the instant case, Plaintiff, a former community organizer at Union Settlement, claims Union Settlement unlawfully denied her certain accommodations and then denied her extended leave. Union Settlement vehemently denies it acted unlawfully.

Union Settlement has engaged in good-faith discovery with Plaintiff. In addition to numerous productions already made, Union Settlement is in the process of reviewing extensive amounts of electronically stored information ("ESI"). Union Settlement and Plaintiff met and conferred in April, May, and June 2026 and resolved many issues, notwithstanding Plaintiff's mischaracterizations of Union Settlement's position at every turn. Crucially, Plaintiff is wrong that Union Settlement has "steadfastly refused to run the ESI search terms." With regards to Plaintiff's requests for comparator discovery, her sweeping demands—particularly for companywide putative class discovery, comparator discovery over an undefined four-year period, and for executive personnel information untethered to the claims in the Amended Complaint—are disproportionate to the needs of the case and should be denied. Alternatively, the Court should schedule an informal conference and/or order tailored relief consistent with the positions set forth below.

## II. Rule 30(b)(6) Deposition Topics and Scheduling

Union Settlement has previously advised counsel that the timing of a Rule 30(b)(6) deposition should properly occur *after* the parties have completed the bulk of paper discovery—it did not, as Plaintiff alleges, refuse outright. Union Settlement remains willing to meet and confer to select an appropriate Rule 30(b)(6) deposition date convenient to all parties, including Defendant Dr. Williams.

Union Settlement proposes conferring within [14] days to establish topics and a mutually agreeable date for the Rule 30(b)(6) deposition of Union Settlement, accounting for witness availability, document productions, and coordination with Defendant Dr. Williams.

## III. ESI Discovery

Contrary to Plaintiff's assertion that Union Settlement has "refused" to run searches, Plaintiff and Union Settlement executed a detailed ESI protocol, which includes agreed upon custodians, time periods, and terms. Union Settlement is actively reviewing the data based upon the agreed parameters.

Plaintiff also made an unduly burdensome request that Union Settlement search for text messages on the personal cell phones of seven custodians. Union Settlement objected to the request until Plaintiff made some showing that relevant text messages on the personal devices existed. After Plaintiff produced evidence regarding one of the custodians, showing that she texted with her supervisor, Sean Smith ("Smith"), about work related matters, Union Settlement agreed to conduct a search of his device. Unfortunately, Union Settlement has since learned that the device used at the time has been lost. Consequently, Union Settlement is actively investigating whether a backup of these messages exists. If a backup is located, a review of the communications will be immediately undertaken.

Three of the custodians, Darlene Williams, Affreaka Austin, and Roberta Coleman, are no longer employed by Union Settlement. As a result, Union Settlement does not have control of the data and cannot undertake a search. Plaintiff has also failed to establish a justified suspicion that the final three proposed custodians, Union Settlement's Chief Operating Officer (Tanisha Jackson), Chief People Officer (Oneida Perez), and Director of HR (Christine Munoz), have relevant messages on their personal devices.[1] Notwithstanding that failure, Jackson and Perez have reviewed their devices and confirmed that no text messages exist. The remaining custodian, Munoz, also confirmed she would not customarily conduct human resource business via text message but has lost the device used during the relevant period so cannot conduct a search to confirm. This does not cure Plaintiff's failure to establish a proper justification for a search of Munoz's device.

## IV. Comparator Discovery: Defendant Has Not Refused Comparator Discovery; It Should Be Tailored to Plaintiff's Department and Immediate Supervisors

Union Settlement has not refused comparator discovery. Union Settlement contends that comparator discovery should be limited to employees in Plaintiff's department, East Harlem Community Partnership, and/or under the same immediate supervisors, an appropriate and proportional scope. Plaintiff, however, continues to seek organization wide discovery across all public-facing roles over four years to support her individual and putative class theories (the latter of which is addressed below). That breadth sweeps in disparate job functions, supervisory structures, and departments and exceeds what is necessary for claims centered on Plaintiff's Community Organizer position and supervisory chain. Union Settlement's counter proposal is proportional to the needs of this case and a reasonable counteroffer. As to "Staff Member 1" referenced in Plaintiff's Letter Motion, Union Settlement maintains that individualized, nonparty personnel information raises privacy and proportionality concerns. Plaintiff contends Staff Member 1's leave request was considered contemporaneously with that of Plaintiff's extended leave request but fails to acknowledge, as conveyed on multiple occasions to Plaintiff's counsel, that this employee worked in

---

[1] *See Muslims on Long Island, Inc. v. Town of Oyster Bay*, No. 2025 WL 1582250, at *5 (E.D.N.Y. June 4, 2025)

a different department than Plaintiff, had a non-community-facing role dissimilar to that of Plaintiff's, and that the employee did not make a request for extended *unpaid* leave after having exhausted all other forms of leave. Moreover, the materials provided to Plaintiff contains the substantive information regarding Staff Member 1.

### V. Plaintiff's Request for Documents Concerning Defendant Dr. Williams's Leave of Absence, Transfer of Duties, and Resignation.

Plaintiff seeks documents and communications concerning Defendant Dr. Williams's, Union Settlement's former Chief Executive Officer, "leave of absence, transfer of duties, and subsequent resignation" because Plaintiff speculates that this separation resulted from claims brought by Plaintiff. This amounts to a fishing expedition into Dr. Williams' personal information. ECF No. 49, Section 3.1. Further, Union Settlement has conveyed to Plaintiff that Dr. Williams never took a medical leave of absence much less sought an unpaid extension of any such leave. Even if she had, Dr. Williams is not Plaintiff's comparator. The more appropriate, and proportional, method of exploring these issues would be to pursue this line of questioning during Dr. Williams' deposition.

### VI. Putative Class-wide "Leave" Comparator Discovery Should Be Limited

Plaintiff claims that Union Settlement maintains a common policy that applies to all putative class members that illegally prohibits leave as an accommodation.[2] *See* ECF No. 27-4, Paragraph 7, 117.[3] She seeks *prospective* injunctive and declaratory relief from Defendant Union Settlement's policies that allegedly violated NYSHRL and NYCHRL in order "to ensure that class members are not harmed again." *See* ECF No. 27-4, THIRTEENTH CAUSE OF ACTION, Pgs. 22-23. Plaintiff now appears to tailor her class allegations, for the first time, to an "illegal company policy of automatically denying leave as an accommodation, where an employee had exhausted other forms of leave entitlement." ECF No. 49, Sections 1, 3. This characterization is an impermissible fail-safe definition. *See Nypl v. JP Morgan Chase & Co*., No. 15 CIV. 9300 (LGS), 2022 WL 819771, at *9 (S.D.N.Y. Mar. 18, 2022) (collecting cases).

Notwithstanding the foregoing, Defendant has produced policies relevant to the putative class claims and has attempted to ascertain what additional discovery Plaintiff seeks on a class wide basis. Tellingly, none of the policies produced to date state or suggest that Defendant Union Settlement maintained a "policy of automatically denying leave as an accommodation, where an employee had exhausted other forms of leave entitlement." If the policies did in fact suggest or state the same, Plaintiff would have cited the policies to support her contention and discovery request. Plaintiff is also unable to proceed on a class-wide basis because she lacks standing for the *prospective* injunctive or declaratory relief she seeks on behalf of the putative class against Union Settlement. *See e.g., Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 465–66 (S.D.N.Y. 2017) (recognizing the exception where plaintiff seeks reinstatement). In addition, Plaintiff has failed to articulate a defensible class period. Even if this Court were to entertain this class claim, any class wide comparator discovery should be limited to individuals who actually requested extended leave as an accommodation after exhausting other applicable leave categories. Tailoring discovery to that specific alleged policy is consistent with proportionality and relevance required by the Federal Rules of Civil Procedure.

---

[2] Notwithstanding the fact that Plaintiff received at least three forms of leave as an accommodation during her employment, namely, Short-Term Disability, New York Paid Family Leave, and job-protected leave consistent with the Family Medical Leave Act.

Sincerely,

Jessica G. Palmese

cc: All counsel of record (via ECF)
Courtesy copy (via email: Failla_NYSDChambers@nysd.uscourts.gov)

The Court has reviewed Plaintiff's Letter Motion to Compel Discovery (Dkt. #49), and Defendants' Opposition Letters (Dkt. #50-51). The Parties are hereby ORDERED to appear for a telephonic conference on **September 3, 2026**, at **11:00 a.m.**, to discuss the issues raised in their letters. At the scheduled time, the parties are to dial in to the conference by calling (855) 244-8681 and entering access code 2315 7807370#.

Dated: August 25, 2026
New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE